UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAHIG F. BISHAY,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL D. RICCIUTI, in his individual capacity; DIANA L MALDONADO, in her individual capacity; AMY LYN BLAKE, in her individual capacity; JAMES R. LEMIRE, in his individual capacity; KIMBERLY S. BUDD, in her individual capacity; FRANK M. GAZIANO, in his individual capacity; DAVID A. LOWY, in his individual capacity; ELSPETH B. CYPHER, in her individual capacity; SCOTT L. KAFKER, in his individual capacity; DALILA WENDLANDT, in her individual capacity; SERGE GEORGES, JR., in his individual capacity; DANIEL M. RABINOVITZ; CLIFF G. ANDERSON; JOHN K. WELLS; CATHERINE J. SAVOIE; DAVID J. REIER; NICHOLAS J. NESGOS; THE HAMILTON COMPANY; and ARENT FOX LLP, f/k/a POSTERNAK, BLANKSTEIN & LUND,<br>    Defendants. | C.A. No. 1:21-CV-11227-JJM |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Bahig F. Bishay filed a fourteen-count Complaint against the seven justices of the Massachusetts Supreme Judicial Court,[1] three judges of the Massachusetts Court of Appeals,[2] an associate justice of the Massachusetts Superior Court[3] (collectively referred to as "state court judges"), six attorneys,[4] a law firm,[5] and The Hamilton Company. Mr. Bishay alleges violations of his Fifth, Seventh, and Fourteenth Amendment rights, sections 1983 and 1985 of the United States Code, the Massachusetts Constitution, and various state statutes. Mr. Bishay has filed many lawsuits in both state and federal court, arising from his financial troubles decades ago.[6]

---

[1] Kimberly S. Budd, Frank M. Gaziano, David A. Lowy, Elspeth B. Cypher, Scott L. Kafker, Dalila Wendlandt, and Serge Georges, Jr., in their individual capacities.

[2] Diana L. Maldonado, Amy Lyn Blake, and James R. Lemire, in their individual capacities.

[3] Michael D. Ricciuti, in his individual capacity.

[4] Daniel M. Rabinovitz, Cliff G. Anderson, John K. Wells, Catherine J. Savoie, David J. Reier, and Nicholas J. Nesgos.

[5] Arent Fox LLP, f/k/a Posternak, Blankstein & Lund.

[6] Massachusetts Supreme Judicial Court recently enjoined Mr. Bishay, like "other litigants who have repeatedly filed groundless petitions after being cautioned against doing so," from filing any new petitions or appeals on these issues without the express leave of the court. *Bishay v. Super. Ct. Dep't of the Trial Ct.*, 166 N.E.3d 438, 441 (Mass. 2021). Massachusetts state courts have repeatedly informed Mr. Bishay that his claims have been completely resolved. *Id.* at 440.

## II. FACTS[7]

Mr. Bishay and his family were evicted from their home in 2008, following an eviction order granted to Harvard 45 Associates, LLC ("Harvard").[8] Harvard hired a company to move the Bishay's belongings out of the house after they were evicted. An attorney paid the mover, National Investigations, Inc. ("National"), a check for $17,000 from The Hamilton Company.

Mr. Bishay brought a civil action seeking damages for National's failure to return his property after the eviction. Mr. Bishay alleged that National seized and then improperly discarded his property during the eviction. He also brought claims against Allied Finance Adjusters Conference, Inc. ("Allied") because it had indemnified National. After discovery and dispositive motions, all that remained were claims and counterclaims between Mr. Bishay and National.

Mr. Bishay and National then agreed to resolve their claims and moved for final judgment. The Superior Court denied the motion, finding the proposed judgment to be unjust and unlawful. That Court found that Mr. Bishay and National

---

[7] Mr. Bishay's allegations relate to civil proceedings, and their disposition, at each level of the Massachusetts court system. Mr. Bishay has filed many lawsuits and appealed many court decisions arising from his business and personal finances, but the Court will only recite the facts that seem relevant to this lawsuit. The facts that form the basis of this current lawsuit arise from a state-court action Mr. Bishay filed in 2012. *See Harvard 45 Assocs., LLC v. Allied Properties & Mortgs., Inc.*, 952 N.E.2d 411, 413 (Mass. App. Ct. 2011) ("The plaintiff, Harvard 45 Associates, LLC . . . brought an action in the Land Court to quiet title to property . . . on which the defendant, Mary Bishay, held a mortgage.")

[8] Mr. Bishay ran an automobile dealership known as U.S. Auto Exchange Group Ltd. ("USAX"). Mr. Bishay began experiencing financial difficulties that led to a Massachusetts state court receivership against USAX and Mr. Bishay personally. Shortly after being placed into the receivership, Mr. Bishay filed federal bankruptcy petitions on behalf of his businesses.

3

had colluded to obtain a final judgment that would allow them to seek payment from the other defendants, who were not party to the agreement—proceeds that Mr. Bishay and National would then share. After the Superior Court's denial of the motion for final judgment, Mr. Bishay and National filed an agreement for judgment, but the Superior Court rejected the agreement for the same reasons. The Superior Court disposed of all claims and dismissed Mr. Bishay's Complaint.[9]

In his Complaint, Mr. Bishay alleges that Defendant judges and lawyers: conspired to violate his constitutional rights (negligently, intentionally, and fraudulently); caused him financial harm; committed mail fraud; obstructed justice; aided and abetted to violate his rights; engaged in RICO violations; and otherwise denied him his constitutional rights under the color of state law. ECF No. 1 at 17–19.

All Defendants move to dismiss. ECF Nos. 16, 19, 47, and 49.

### III. MOTIONS TO DISMISS

#### A. State Court Judges

Mr. Bishay's claims against the state court judges fall into seven categories: (1) negligence in the performance of their judicial duties; (2) intentional torts in the performance of their judicial duties; (3) mail fraud under 18 U.S.C. §§ 63 and 1341;

---

[9] Mr. Bishay then pursued an appeal, and the Massachusetts Appeals Court affirmed the Superior Court decision dismissing Mr. Bishay's complaint. *Bishay v. National Investigations, Inc. et al.*, No. 2017-P-1231, 2020 WL 4431898 at *1 (Mass. App. Ct. Aug. 3, 2020). Mr. Bishay applied for further appellate review, which the Supreme Judicial Court denied. *See Bishay v. National Investigations, Inc. et al.*, 160 N.E.3d 599 (Table) (Mass. 2020). The Superior Court then affirmed its original judgment.

(4) obstruction of justice under 18 U.S.C. § 1503; (5) violations of the Fifth, Seventh, and Fourteenth Amendments of the U.S. Constitution, brought under 42 U.S.C. § 1983; (6) theft of property; and (7) a claim for civil relief under RICO. ECF No. 1 at 17–19.

The state court judges move to dismiss the Complaint on the basis of judicial immunity and the *Rooker-Feldman* doctrine, pursuant to Fed. R. Civ. P. 12(b)(1), as well as the Complaint's failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6). ECF No. 47. Mr. Bishay objects. ECF No. 51. After review of the Complaint and pleadings, this Court has determined that any of the three reasons asserted by the state court judges require this Court to dismiss the Complaint. This Court will therefore simply address the strongest basis for dismissal: judicial immunity.

"As early as 1872, the [Supreme] Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences . . . .'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)) (alteration in original).

> For that reason the Court held that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. Later we held that this doctrine of judicial immunity was applicable in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave

no indication that Congress intended to abolish this long-established principle.

*Id.* at 355–56 (citations omitted) (internal quotation marks omitted).

Mr. Bishay's allegations against the state court judges are precisely the judicial acts that the United States Supreme Court and all lower courts have consistently held are subject to absolute immunity. Each of the judges sued here were performing an essential judicial function, exercising the judicial authority vested in them with jurisdiction over the subject matter, such that they are entitled to absolute immunity for those acts.

Thus, state court judges' Motion to Dismiss is GRANTED. ECF No. 47.

### B. Arent Fox LLP Defendants, The Hamilton Company, and Individual Lawyer

The Defendant law firm Arent Fox and three of its attorneys,[10] The Hamilton Company, and three additional lawyers[11] have also moved to dismiss Mr. Bishay's Complaint. ECF Nos. 16, 19, and 49. They base their motions on many grounds including *Rooker-Feldman* (again pursuant to Fed. R. Civ. P. 12(b)(1)), res judicata and collateral estoppel, and Fed. Rs. Civ. P. 8(a), 9(b), and 12(b)(6). Each of these

---

[10] Defendants Arent Fox LLP, f/k/a Posternak, Blankstein & Lund, David J. Reier, Nicholas J. Nesgos, and Catherine J. Savoie.

[11] Defendants Daniel M. Rabinovitz, Cliff G. Anderson, and John K. Wells.

reasons provides an independent basis for dismissal; taken together, they represent overwhelming reason for dismissal of all counts against all remaining Defendants.

### 1. *Rooker-Feldman Doctrine*

"Federal district courts lack subject-matter jurisdiction to review final determinations of a state-court judicial proceeding." *Bishay v. Supreme Jud. Ct. of Mass.*, No. CV 18-12610-LTS, 2019 WL 1005490 at *1 (D. Mass. Feb. 28, 2019), *aff'd sub nom. Bishay v. Supreme Jud. Ct. of Commonwealth of Mass.*, No. 19-1257, 2019 WL 4409351 (1st Cir. Aug. 29, 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). This doctrine "squarely applies when a plaintiff insists that [a federal court] must review and reject a final state-court judgment," even when the complaint avoids explicitly asking the district court to do so. *See Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006). Therefore, a federal court may not review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See id.*

Mr. Bishay tries to skirt the *Rooker-Feldman* doctrine by alleging constitutional violations under 42 U.S.C. § 1983, fraud violations, and RICO violations under 18 U.S.C. § 1964(c). But his Complaint evinces an attempt to re-

7

litigate the claims decided by the Massachusetts state courts. The harm alleged by Mr. Bishay is derived from decisions made by state court judges, which is barred by the *Rooker-Feldman* doctrine. Indeed, the allegations in this Complaint attempt to re-litigate decisions made by the Massachusetts state courts based on arguments advanced in those cases. This is precisely what the *Rooker-Feldman* doctrine prohibits. One cannot "evade the reach of the *Rooker-Feldman* doctrine by artful pleading." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 65 (1st Cir. 2018).

Mr. Bishay's claims can go no further in the face of *Rooker-Feldman*.

### 2. Res Judicata and Collateral Estoppel

The claims raised by Mr. Bishay have been previously litigated in prior proceedings and are thus barred by the doctrines of res judicata and collateral estoppel. Res judicata bars a party from re-litigating claims that were or could have been raised in prior litigation where there is: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) Relatedly, collateral estoppel bars the re-litigation of issues or facts where:

> "(1) [T]he issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment."

*Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 90 (1st Cir. 2007). "A judgment on the merits in a prior suit bars a second suit involving the same parties

8

or their privies based upon the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5 (1979).

The claims here relate to the disposition of Mr. Bishay's assets in the Massachusetts receivership proceedings and the issues surrounding Mr. Bishay's eviction. These issues were litigated in many suits across multiple courts, including bankruptcy courts, state courts, federal courts, appellate courts, and an arbitration. Final judgment was entered. There is sufficient identicality between the causes of actions and the parties. Whether viewed as res judicata or collateral estoppel, all claims have been litigated, and litigated again, through multiple final appeals in the courts of the Commonwealth.

Mr. Bishay's claims can go no further in the face of collateral estoppel and res judicata.

### 3. Fed. Rs. Civ P. 8(a), 9(b), and 12(b)(6)

Mr. Bishay has filed a complaint that suffers from the same flaw as many of his previous lawsuits. He lumps all Defendants together without specifying which Defendant is alleged to have committed the pertinent act. Indeed, determining what each Defendant did wrong, and thus the basis of any of the legal claims cited, is nearly impossible.

Fed. R. Civ. P. 8(a)(2) requires Mr. Bishay to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" at a minimum. Mr. Bishay has failed to meet this standard. His failure to specify which claims apply to each Defendant, or class thereof, is fatal. *Cf. Bagheri v. Galligan*, 160 F. App'x 4

9

(1st Cir. 2005) (finding complaint deficient because it did not state clearly which defendant committed each of the alleged wrongful acts).

The counts pled by Mr. Bishay do not list any of the elements for any of the claims, and the allegations concerning the Defendants do not plead the material elements showing Mr. Bishay is entitled to relief.[12] Mr. Bishay's failure to meet this minimum pleading requirement, and to provide sufficient notice of the legal claims or theories being brought against the Defendants, calls for dismissing the Complaint.

Additionally, many of Mr. Bishay's allegations appear to sound in fraud. Mr. Bishay did not plead the claims for fraud or conspiracy with the requisite particularity under Fed. R. Civ. P. 9(b).[13] *See U.S. ex rel. Ge v. Takeda Pharm. Co. Ltd.*, 737 F.3d 116, 123 (1st Cir. 2013) (a party must describe the "who, what, when, where, and how of the alleged fraud" (quotations omitted)); *cf. United States ex rel. Carbon v. Care New England Health Sys.*, No. 1:18-CV-000435-JJM-LDA, 2021 WL 4860736 (D.R.I. Oct. 19, 2021) (holding that the plaintiff overcame the Rule 9(b) standard because they plead "allegations [in a] sufficiently particular [manner] to satisfy the 'who, . . . when, where, and how' of the alleged fraud, and prove[d] fraud generally" (omission in original)). The Complaint neither gives any detail nor

---

[12] Mr. Bishay's status as a pro se litigant does not alleviate him of these minimum requirements. *See Strahan v. AT&T Mobility LLC*, 270 F. Supp. 3d 535, 540 (D. Mass. 2017) (holding that "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory" (internal quotation marks omitted)).

[13] The pleading deficiencies also exist as to the RICO count, which is governed by the heightened Rule 9(b) standard.

explains why any of the conduct attributed to the attorney Defendants was fraudulent or conspiratorial. These bare-boned allegations of wrongdoing are insufficient to state a cause of action against these Defendants under both Fed. R. Civ. P. 8(a) and Rule 9(b).

Mr. Bishay's claims can go no further in the face of the deficient pleadings.

### 4. Other Issues

The sole allegation against The Hamilton Company relates to a single event—the payment of a check following the removal of personal property from the Bishay's home. But the Complaint states that happened thirteen years ago, on September 9, 2008. ECF No. 1 at ¶ 27. The statute of limitations in Massachusetts for torts is three years from the date the cause of action accrued. *See* Mass. G.L. c. 260, § 2A. The Complaint should be dismissed against The Hamilton Company on that ground alone.[14]

## IV. CONCLUSION

Mr. Bishay clearly feels his rights have been violated from incidents that occurred many years ago. He has repeatedly accessed federal and state courts in his attempt to right those perceived wrongs—precisely what our courts are charged to do. But after due process, fair hearings, and multiple appeals, the courts have

---

[14] Defendants also claim that the so-called "litigation privilege" bars Mr. Bishay's Complaint. Some courts have held that an attorney's "statements made in the institution or conduct of litigation or in conferences and other communications preliminary to litigation" are protected from civil liability. *See, e.g., Encompass Ins. Co. of Mass. v. Giampa*, 522 F. Supp. 2d 300, 308 (D. Mass. 2007) (internal quotation marks omitted). This Court need not address whether such a privilege exists because of the many reasons already set forth for dismissing the Complaint.

11

consistently ruled against Mr. Bishay. The rule of law requires that those rulings be followed and honored. The issues raised here are not justiciable. Thus, the Court must GRANT all Defendants' Motions to Dismiss and dismiss the Complaint. ECF Nos. 16, 19, 47, and 49.

IT IS SO ORDERED,

_____
John J. McConnell, Jr.
United States District Chief Judge

December 15, 2021